UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:18 CR 212** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Fabian Mihaj,** | ) | <u>Order</u> |
| | ) | |
| **Defendant.** | ) | |

Currently pending is defendant's Motion to Release the Defendant from Custody for Lack of Personal Jurisdiction (Doc. 11). For the reasons that follow, the motion is DENIED.

Defendant fled to Canada while on a term of supervised release stemming from a federal drug case. In 2016, Canadian immigration officials detained defendant and ordered him deported to Albania. Around the same time, the FBI began investigating defendant for his participation in a drug operation involving marijuana and ecstasy. On February 13, 2017, prosecutors filed a criminal compliant, and an arrest warrant was issued. The complaint charges defendant with conspiracy to distribute and distribution of marijuana and ecstasy.

Thereafter, the government requested defendant's extradition from Canada. According

to defendant, the Canadian Minister of Justice issued an Authority to Proceed ("ATP"). That document provides that "[t]he Canadian offense which corresponds to the alleged conduct" is "trafficking a Schedule I substance as well as in a substance held out to be a Schedule II substance, contrary to section 5(1) of the Controlled Drug and Substances Act." Ultimately, an extradition hearing was held and an Order of Surrender issued. The Order of Surrender provides for the extradition of defendant to the United States for the offense of conspiracy to possess with intent to distribute ecstasy and marijuana.

Defendant argues that, pursuant to the "rule of speciality," he cannot be imprisoned or tried on charges of conspiracy because the ATP indicates that Canada agreed to extradition only on the basis of drug trafficking. The government disagrees and argues that the rule of specialty is not violated because the Order of Surrender clearly provides that Canada agreed to extradite defendant based on the conspiracy charge.

Upon review, the Court agrees with the government. The parties agree that the rule of speciality can prevent the United States from pursuing charges against a defendant different from those for which extradition was obtained. Here, however, defendant fails to establish that the charges he currently faces are different form those for which Canada permitted extradition. As an initial matter, the ATP does not provide that extradition is based on drug trafficking. Rather, that ATP provides that the charges filed against defendant in the complaint, *i.e.*, conspiracy to distribute and distribution of marijuana and ecstasy, correspond to the Canadian offense of drug trafficking. This is so because, as even defendant argues, the extraditing nation must ensure that the conduct described in the complaint filed in the United States constitutes criminal conduct in Canada. Thus, in the ATP the Minister of Justice determined that the conduct charged in the

complaint, *i.e.*, conspiracy, is in fact unlawful conduct in Canada.. In Canada, however, the charged conduct equates to "trafficking." There is nothing in the ATP that suggests that Canada is willing to extradite defendant for trafficking, but not conspiracy. Moreover, as the government notes, the Order of Surrender plainly provides that Canada is extraditing defendant for purposes of facing conspiracy charges. As such, defendant fails to establish that the conspiracy charge in this case violates the rule of speciality. Accordingly, defendant's motion is DENIED.

      IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 6/13/18